UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY NELSON SANTOS-PRADO,

                Petitioner,

- v -                                        5:04-CV-1035

UNITED STATES OF AMERICA,

                Respondent.
_____

APPEARANCES:                              OF COUNSEL:

HENRY NELSON SANTOS-PRADO
*Petitioner, Pro Se*
Reg. No. 10955-052/Unit B-2
FCI Coleman-Medium
P.O. Box 1032
Coleman, Florida 33521-1032

GLENN T. SUDDABY
UNITED STATES ATTORNEY
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

NORMAN A. MORDUE, DISTRICT JUDGE

                ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner pled guilty to one count of conspiracy to distribute cocaine and was sentenced to 360 months imprisonment. Petitioner's conviction and sentence were affirmed on October 9, 2003, in *United States v. Frias-Genoa,* 77 Fed. Appx. 62, 2003 WL 22318763 (2d Cir. 2003). Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) and their progeny, petitioner challenges the imposition of a two level sentence enhancement for possession of a firearm under U.S.S.G. §2D1.1(b)(1) and a four level

enhancement for a leadership role in the conspiracy under U.S.S.G. §3B1.1(a).  Petitioner also asserts ineffective assistance of counsel claims based on his lawyer's failure to raise the *Apprendi* and *Blakely* issues prior to his plea and sentence.

It is by now well settled law in this Circuit that *Apprendi* is not retroactive. *See, e.g., Coleman v. United States*, 329 F.3d 77, 90 (2d Cir. 2003) ("*Apprendi* does not apply retroactively to initial § 2255 motions for habeas relief"); *accord Love v. Menifee,* 333 F.3d 69, 73 (2d Cir. 2003).  In a Memorandum-Decision and Order, filed October 15, 2004, this Court dismissed the application filed by petitioner under 28 U.S.C. § 2255 in its entirety based on *United States v. Mincey,* 380 F.3d 102, 103 (2d Cir. 2004), in which the Second Circuit concluded that unless and until the Supreme Court determined that *Blakely* affects directly the Federal Sentencing Guidelines, courts in this Circuit should continue to apply the Guidelines as written and interpreted by the Second Circuit.  This Court also relied on *Garcia v. United States*, 2004 WL 1752588 (N.D.N.Y. Aug. 4, 2004), which held that even if *Blakely* were held ultimately to affect the Federal Sentencing Guidelines, it should not do so retroactively in cases on collateral review.

Currently before the Court are petitioner's two motions for a Certificate of Appealability.

Section 2253(c)(1) of Title 28 of the United States Code provides, in pertinent part, that

> [u]nless a circuit justice or judge issues a certificate of
> appealability, an appeal may not be taken to the court of appeals
> from –
> > (A) the final order in a habeas corpus proceeding
> > in which the detention complained of arises out of
> > process issued by a State court; or
> > (B) the final order in a proceeding under section
> > 2255.

28 U.S.C. § 2253(c)(1).[1]  Furthermore, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Application of *Apprendi*

Petitioner's reliance on *Apprendi* is misplaced as referenced above since it does not apply retroactively.  Moreover, *Apprendi's* holding applies only to judge-enhanced sentences that exceed the maximum sentence allowed by statute. 530 U.S. at 466.  Here, petitioner pled guilty to conspiracy to possess with intent to distribute cocaine which carries a maximum statutory sentence of life imprisonment--a term far exceeding petitioner's sentence. See 21 U.S.C. § 841. Thus, petitioner's sentence does not violate *Apprendi*. *See United States v. King*, 345 F.3d 149, 151 (2d Cir. 2003) (holding that "*Apprendi's* requirement that factors related to sentencing be submitted to the jury and proved beyond a reasonable doubt applies only when the factors in question increase the penalty for a crime beyond the statutory maximum" (internal quotation marks omitted)).

### Application of *Blakely* and *Booker/Fanfan*

In *Blakely,* the Supreme Court found a state court sentence enhancement based on judicial determinations not made by a jury unconstitutional. 542 U.S. at 311.  Subsequently, in *United States v. Booker/Fanfan*, --- U.S. ----, 125 S.Ct. 738, 755 (2005) the Court determined that "[a]ny fact ... which is necessary to support a sentence exceeding the maximum authorized by facts established by a plea of guilty or a jury verdict must be admitted by the defendant or

---

[1] Likewise, Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part, that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

proved to a jury beyond a reasonable doubt."  The Court held that the Federal Sentencing Guidelines violated the Sixth Amendment to the extent they required a court to impose such enhancements. *Booker*, 125 S.Ct. at 756.  However, the Court acknowledged that preventing a judge from "relying on a presentence report for factual information" would "undermine the sentencing statute's basic aim of ensuring similar sentences for those who have committed similar crimes in similar ways." *Id.* at 760-62.  Thus, the Court invalidated only those provisions of the Guidelines "that have the effect of making the Guidelines mandatory." Id. at 746. Accordingly, *Booker* rendered the Guidelines advisory, permitting courts to consider the guidelines and find facts as long as the sentence imposed does not exceed the statutory maximum. *Id.* at 764 (holding that absent provisions making the Guidelines mandatory, "the Act satisfies the Court's constitutional requirement and falls outside the rule of *Apprendi*" ).

The Second Circuit has summarized current law concerning this issue as follows:

> [A]t this point, we can identify several essential aspects of *Booker/Fanfan* that concern the selection of sentences. First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005).  Based thereupon, petitioner's sentence does not run afoul of *Blakely, Booker* or *Crosby,* but instead fully conforms with those decisions.

In any event, *Blakely* and *Booker* do not apply to petitioner's claims herein because they are not retroactive. As the Second Circuit explained, "a new rule of constitutional law does not apply retroactively to cases on collateral review unless the rule is substantive or a 'watershed' rule of procedure that affects the fundamental fairness and accuracy of the criminal proceeding." *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005) (citing *Schriro v. Summerlin*, 348 U.S. 348, ---, 124 S.Ct. 2519, 2522-23 (2004); *Teague v. Lane*, 489 U.S. 288 (1989)) (internal quotation marks omitted). Indeed, it is because *Booker* does not establish a substantive or "watershed" rule, that it is not retroactive. Guzman, 404 F.3d at 141-43; *see Humphress v. United States*, 398 F.3d 855, 862 (6th Cir. 2005) (holding that *Booker* is not retroactive under the "substantive" or "watershed" rule exceptions of *Teague* ); *Hamdani v. United States*, No. Civ. 04-3332(DGT), 2005 WL 419727 at *2 (E.D.N.Y. Feb. 22, 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." (internal quotation marks omitted)); *see also United States v. Morgan*, 406 F.3d 135 (2d Cir. 2005) (holding that "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements"). Accordingly, petitioner's sentence does not violate *Blakely* or *Booker*.

<u>Ineffective Assistance of Counsel Claim</u>

Finally, petitioner claims ineffective assistance of counsel because his counsel did not raise the *Apprendi* and *Blakely* issues in the trial court or on appeal. A claim for ineffective assistance of counsel will succeed only if petitioner, who "bears the burden on both points," *Scarpa v. DuBois*, 38 F.3d 1, 8-9 (1st Cir. 1994), shows that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would be different." *Strickland v.*

*Washington*, 466 U.S. 668, 669 (1984). Here, petitioner's claim is without merit because *Apprendi* does not apply, and *Blakely* was not decided until after his appeal. Thus, petitioner's ineffective assistance of counsel claim also lacks merit.

## Conclusion

For the reasons set forth above, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996.

WHEREFORE, it is hereby

ORDERED, that petitioner's motions for a Certificate of Appealability are DENIED; and it is further

ORDERED, that petitioner's motion for leave to proceed in forma pauperis is DENIED as MOOT.

IT IS SO ORDERED.

Dated: January 20, 2006
    Syracuse, New York

Norman A. Mordue
U.S. District Judge